# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **TURNER W. PARIS, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:14-19764** |
| ) | |
| **VIRGINIA TRANSPORTATION** ) | |
| **CORP.,** *el al.*, ) | |
| ) | |
| Defendants. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed *in Forma Pauperis*, filed on July 1, 2014. (Document No. 4.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined the Complaint as amended, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

## FACTUAL BACKGROUND

In his Complaint, Plaintiff appears to indicate that Defendants discriminated against him in violation of Title VII of the Civil Rights Act of 1964. (Document No. 1.) Specifically, Plaintiff states as follows:

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> I filed a discrimination suit with the EEOC against Virginia Transportation. The EEOC informed me that I had the right to file a federal suit against this company on behalf of myself, my wife, and my children due to their way of living has decreased since the day I was hurt on the job. The same day I was injured on the job, Robert Daniele and Wayne DeMarco called me into the office and I was sent on a plane home the same day. Mr. Daniele and Mr. DeMarco were not worried about my physical being. They didn't escort me to a hospital or have me checked out after the incident.

(Document No. 1, pp. 4 - 5.)

By Order entered on July 3, 2014, the undersigned determined that Plaintiff's Complaint failed to state sufficient facts supporting a claim for relief and directed Plaintiff to file an Amended Complaint specifying his claims. (Document No. 5.) Specifically, the undersigned determined that Plaintiff's conclusory claim that Defendants discriminated against him was insufficient, Plaintiff failed to allege the date and place where the alleged discrimination occurred, and failed to set forth sufficient facts explaining how each defendant discriminated against him. (Id.)

On July 24, 2014, Plaintiff filed his Amended Complaint stating the following:

> Since I was hurt on the job, Virginia didn't seek medical attention for me right after I was hurt. Instead, they had me come to the office and sent me home right after I fell off the truck. I have suffered physically and financially. My wife and my children have also suffered financially because I was not able to provide for them. Virginia transport took over a month and a half to send my stuff out of the truck. I called to inform them that half my items were missing, but nothing was done about it. When I started with this company, I was trained on a mine car quick [indecipherable], I was stuck in a 10 car mine rail without proper training. While in training, I had to drive Antonio Rucker around because he didn't have a licenses and was still employed.

(Document No. 6, pp. 4 - 5.) As relief, Plaintiff requests "to be compensated for our quality of life being decreased from the time I was associated with Virginia Transport. I thought I would be able to better take care of my family after I received employment at Virginia Transport and also compensated in the items never returned to me: Radio CB - vintage = $450.00; cooler = $35.00; TA Card = $40.00; Retractable Shovel = $20.00; Retractable Ice Scrapper = $25.00." (Id., pp. 5 - 6.)

## **THE STANDARD**

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, the documents comprising his Complaint are subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708 at *2 (D.Md.), aff'd, Randolph v. New Technology, ___ Fed. Appx. ___, 2014 WL 7192290 (4th Cir. (Md.) Dec. 18, 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. *See* Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where

a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## ANALYSIS

In submitting his Complaint, Plaintiff is required to comply with the general rules of pleading as set forth at Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as follows:

**(a) Claim for Relief.** A pleading that states a claim for relief must contain:

**(1)** a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;

**(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

**(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff's Complaint as amended is not in compliance with Rule 8(a). Plaintiff makes no statement respecting the grounds for the Court's jurisdiction and does not allege facts and circumstances showing that he is entitled to relief. Liberally construing Plaintiff's Complaint as amended, the undersigned believes that he is attempting to allege a claim of employment discrimination or retaliation under Title VII of the Civil Rights Act of 1964. Generally, to establish a claim of discriminatory discharge, a plaintiff must plead a *prima facie* case by showing (1) he is a member of a protected class, (2) he suffered an adverse employment action, (3) at the time of the action, he was performing at a level that met his employer's legitimate expectations, and (4) the position either remained open or was filled by a similarly qualified applicant outside the protected class. Hill v. Lockhead Martin Logistics Mgmt., Inc., 354 F.3d 227, 285 (4th Cir. 2005); See 42 U.S.C. § 2000e-2(a)(Title VII makes it "an unlawful employment practice of an employer . . . to discharge any

individual, or otherwise discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin . . ..">. To state a claim of retaliation, Plaintiff must demonstrate that (1) he engaged in protected activity, (2) the employer took adverse employment action against him, and (3) a causal connection existed between the protected activity and the asserted adverse action. 42 U.S.C. § 2000e-3(a). Plaintiff's Complaint as amended, however, fails to allege adequate facts to establish a claim of discrimination or retaliation under Title VII. Plaintiff's Complaint as amended merely alleges that he was improperly discharged after he was injured on the job. The foregoing is insufficient to state a claim for relief because Plaintiff does not allege that Defendant terminated his employment because he is a member of a protected class or retaliated against him because he engaged in protected conduct. The undersigned finds therefore that Plaintiff's Complaint as amended should be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 4.), **DISMISS** Plaintiff's Complaints (Document Nos. 1 and 6.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections

identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: June 18, 2015.

R. Clarke VanDervort
United States Magistrate Judge